OPINION HEADING PER CUR 




 NO. 12-02-00378-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




BUDDY KINDLE,
§
 APPEAL FROM THE 402ND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


WOOD COUNTY ELECTRIC 

CO-OP, INC., §
 WOOD COUNTY, TEXAS

APPELLEE






OPINION


 Buddy Kindle ("Kindle") appeals the trial court's summary judgment in favor of Wood
County Electric Co-Op, Inc. ("WCEC"). In five issues on appeal, Kindle contends that the trial court
erred in granting the summary judgment. We affirm the trial court's judgment.


Background


 Kindle owns sixty-three acres in Wood County. On October 27, 1998, WCEC trimmed and
cut trees along its three power lines located on Kindle's sixty-three acre tract of land. These three
power lines were located at the extreme northwest, southwest, and southeast corners of Kindle's
land. On October 27, 2000, Kindle filed suit against WCEC alleging causes of action based on
trespass, fraud, tortious interference with business activities, and tortious interference with a
contract. Kindle sought actual damages against WCEC "in an amount in excess of $500,000.00." 
He further sought exemplary and punitive damages against WCEC "in an amount in exceeding [sic]
$2,500,000.00." Kindle then failed to pay the Wood County district clerk to issue citation until
February 8, 2001. The citation was not delivered to the Wood County sheriff until February 9, 2001,
and it was finally served on WCEC February 14, 2001. 

 WCEC filed a general denial and alleged that it had the authority to trim and cut the trees
along its three power lines on the corners of Kindle's property under a prescriptive easement. 
Eventually, WCEC filed a traditional motion for summary judgment establishing that it had not been
served until February 14, 2001. WCEC alleged that Kindle had failed to exercise due diligence in
serving it and that as a result, the statute of limitations had run before WCEC had been served. See
Tex. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002). The trial court set a hearing on
WCEC's motion for summary judgment for November 21, 2002, which was almost three months
after it had been filed. On the date of the summary judgment hearing, Kindle appeared and
attempted to file a written response to the motion for summary judgment with an attached affidavit. 
The trial court refused to allow Kindle leave to file his written response. See Tex. R. Civ. P.
166(a)(c). The trial court then granted WCEC's motion for summary judgment and dismissed
Kindle's suit. Kindle timely perfected this appeal.


Standard of Review


 In a traditional motion for summary judgment, the movant has the burden to show that there
exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. Nixon
v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). A court properly grants summary
judgment in favor of a defendant if the defendant establishes all elements of an affirmative defense. 
American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). If the non-movant fails
to timely respond to the motion for summary judgment, as occurred in this case, the non-movant can
only attack the legal sufficiency of the movant's summary judgment proof on appeal. See City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 


Due Diligence in Serving WCEC


 In his fourth issue, which we will consider first, Kindle contends that the trial court erred in
determining that he had not used due diligence in serving WCEC after limitations had run. See Tex.
Prac. & Rem. Code Ann. § 16.003(a). 

 Mere filing of suit will not interrupt the running of limitations unless due diligence is
exercised in the issuance and service of citation. Murray v. San Jacinto Agency, Inc., 800 S.W.2d
826, 830 (Tex. 1990). Due diligence is lacking as a matter of law when uncontroverted summary
judgment evidence shows an extended period of time in which no attempt at service of process is
made. See Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990). An unexplained delay constitutes
a lack of due diligence as a matter of law. Id. Therefore, we need not determine that three and one-half months delay is a lack of due diligence as a matter of law to uphold the summary judgment. Id.;
see also Holt v. D'Hanis State Bank, 993 S.W.2d 237, 241 (Tex. App.-San Antonio 1999, no pet.);
$6,453.00 v. State, 63 S.W.3d 533, 536 (Tex. App.-Waco 2001, no pet.) (extended periods of time
in which no attempts at service of process are made - which are unexplained - as a matter of law
show lack of due diligence). Because Kindle did not produce any summary judgment evidence to
explain his delay in serving WCEC after the limitations period had run, we overrule his issue four.


Use of Affirmative Defense


 In his first issue, Kindle contends that the trial court erred in granting the motion for
summary judgment because WCEC had not pleaded the statute of limitations defense in either its
original or first original answers filed in the proceeding. See Tex. R. Civ. P. 94. WCEC responds
that even if not pleaded prior to a summary judgment motion, an affirmative defense may serve as
the basis for a summary judgment if there is uncontroverted summary judgment evidence. We agree
with WCEC. 

 An unpleaded affirmative defense may serve as the basis for a summary judgment when it
is raised in the summary judgment motion, and the opposing party does not object to the lack of a
Rule 94 pleading in either its written response or before the rendition of judgment. Roark v.
Stallworth Oil and Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991); see also Texas Gen. & Indem. v.
Worker's Comp. Comm'n., 36 S.W.3d 635, 639 (Tex. App.-Austin 2000, no pet). In the case
before us there were no written objections to WCEC's summary judgment motion, and Kindle did
not raise this objection during the summary judgment hearing. We therefore overrule Kindle's first
issue. 


Authority of WCEC Attorney


 In his second issue, Kindle contends that the trial court erred by allowing Coy Johnson
("Johnson") to appear at the summary judgment hearing to argue WCEC's motion for summary
judgment. In his fifth issue, Kindle contends that the trial court erred by communicating with
Johnson because he was not an attorney of record and had not been properly substituted as WCEC's
attorney of record. We will consider Kindle's issues two and five together. 

 Johnson had not previously appeared in this case until the filing of the motion for summary
judgment on August 26, 2002. He signed that summary judgment motion which showed him
appearing with WCEC's attorney of record, Jessica Stettler of Dallas. The record before us indicates
that Kindle was aware that Johnson, whose office is in Sulphur Springs, commonly represented
WCEC in its proceedings in the region. Any party to a suit may appear and prosecute or defend his
rights therein either in person or by an attorney of the court. Tex. R. Civ. P. 7. The right of a
litigant to be represented by the attorney of his choice is a significant one. Keller Industries, Inc.
v. Blanton, 804 S.W.2d 182, 185 (Tex. App.-Houston [14th Dist.] 1991 orig. proceeding). When
it is established that a licensed attorney complies with the rules and regulations of a state and court,
the party choosing the attorney as a representative in court should not be denied that choice by the
courts except for compelling reasons. See id.

 If Kindle believed that Johnson did not have the authority to represent WCEC, he was
required to file a sworn written motion stating that belief ten days prior to a hearing on the motion. 
Tex. R. Civ. P. 12. Rule 12 is the exclusive method for questioning the authority of an attorney to
represent a party in any court proceeding. Fulcher v. Texas State Board of Public Accountancy,
571 S.W.2d 366, 371 (Tex. App.-Corpus Christi 1978, writ ref'd n.r.e). The record indicates that
Kindle failed to follow this exclusive method to challenge Johnson's authority to represent WCEC. 
Therefore, we overrule Kindle's issues two and five.


Agreement Not to Pursue Limitations Defense


 In his third issue, Kindle contends that the trial court erred by allowing WCEC to prosecute
its motion for summary judgment based on his lack of due diligence in effecting service of process
until after limitations had run because it had made an agreement with him that it would not pursue
that defense in his case. However, Kindle cites no authority for this proposition. An appellant's
failure to cite authority in support of a point may constitute waiver. McFarland v. Sanders, 932
S.W.2d 640, 647 (Tex. App.- Tyler 1996, no writ).

 Furthermore, as a requirement to present a complaint for appellate review, the record must
show that the argument was timely presented to the trial court. See Tex. R. App. P. 33.1(a)(1). To
preserve a complaint for appellate review, a party must present to the trial court a timely request,
motion or objection, state the specific grounds therein, and obtain a ruling. Wal-Mart Stores, Inc.
v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999). The purpose of this requirement is that a specific
objection be lodged in the trial court to ensure that the trial court has the opportunity to rule on the
issue. In the Interest of Shaw, 966 S.W.2d 174, 182 (Tex. App.-El Paso 1998, no pet.). Kindle
failed to preserve a complaint regarding any agreement he may have had with WCEC regarding its
limitations defense when he did not bring this argument to the court's attention. Kindle's third issue
is overruled.


Conclusion


 Having overruled Kindle's five issues, we affirm the judgment of the trial court.




 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered February 4, 2004.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.















(PUBLISH)