COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-359-CV

IN RE RANDAL FRANKLIN CARAWAY 

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

I.  Introduction

In ten issues, Appellant Randal Franklin Caraway asserts that the trial court abused its discretion by denying his request to take the presuit deposition of the Honorable William Burdock.  We affirm.

II.  Factual and Procedural Background

This is the case of the alleged absent oath.  Caraway is an inmate currently confined in the Texas Department of Criminal Justice—Correctional Institutions Division.  On March 17, 2005, Caraway petitioned the 153rd District Court of Tarrant County for an order authorizing him to take a deposition to investigate a claim. 
 See 
Tex. R. Civ. P.
 202.1(b).  Caraway sought to depose Judge Burdock about his assignment as a visiting former judge over Caraway’s criminal proceedings in the 91st District Court of Eastland County, Texas.  

On October 2, 1994, police arrested Caraway and subsequently charged him with murder.  That cause was filed and docketed with the 91st District Court of Eastland County, Texas.  In November 1994, Judge Burdock was defeated in a run for re-election to the 371st District Court of Tarrant County, Texas.  On November 29, 1995, the Presiding Judge of the Eighth Administrative Judicial Region of Texas entered an order that assigned Judge Burdock to preside as a special visiting former judge in Caraway’s murder case
.  A jury convicted Caraway of second-degree murder on March 22, 1996.  Judge Burdock presided over all proceedings in the case
, and he also signed the final judgment and sentence therein on April 11, 1996.

In a letter dated January 2003, Caraway alleged that Judge Burdock failed to execute the mandatory oath of a special visiting judge for the period of January 1995 through December 1997 as required by article XVI, section 1 of the Texas Constitution.  Thereafter, Caraway began a search for any executed oaths by Judge Burdock that would have given him constitutional authority to act as a special visiting judge in his murder trial
 and allegedly repeatedly came up with no evidence of any constitutional oath of office executed by Judge Burdock prior to said trial of his cause. 

On April 28, 2005, Caraway filed “PETITIONER CARAWAY’S REQUEST FOR COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS IN SUPPORT OF VERIFIED PETITION TO TAKE DEPOSITION TO INVESTIGATE POTENTIAL CLAIM.”  On April 29, 2005, Caraway filed a request for the trial court to enter stipulations and admissions that will aid in disposition of the investigation.  On June 10, 2005, the trial court submitted a proposed draft of eight stipulations of fact.  On June 21, 2005, Caraway responded by submitting his proposed draft of fourteen stipulations of fact.  After receiving no response, Caraway filed a final draft of “FINDINGS OF PETITIONER CARAWAY’S REQUEST FOR STIPULATIONS OF FACTS.”

After hearing Caraway’s petition to investigate potential claims, Judge Curry denied Caraway’s request to take Judge Burdock’s deposition on September 14, 2005.  Caraway then requested findings of fact and conclusions of law, which Judge Curry refused to enter.  On November 9, 2005, Judge Curry entered an order denying Caraway’s motion for new trial.  However, the trial court took judicial notice of certain facts establishing that Judge Burdock had failed to “file” any oath of office as a special visiting judge relative to the trial cause. 

III. Texas Attorney General’s Authority to Represent a Visiting Judge

In his eighth issue, Caraway complains that the Texas Attorney General (“AG”) committed fraud on the trial court by improperly influencing that court in its decision on Caraway’s motion challenging the AG’s authority to represent Judge Burdock.  We disagree.

In his brief, Caraway acknowledges that he was notified by letter that the AG would be representing Judge Burdock in this matter.  Caraway claims that he then filed a motion to show authority to act pursuant to Texas Rule of Civil Procedure 12. 
 See
 
Tex. R. Civ. P.
 12.  The trial court ordered a response to the motion, to which the Assistant AG filed a response.  The trial court subsequently denied Caraway’s motion.  

Rule 12 is the means by which a party must challenge the authority of an attorney to represent another party.  
See, e.g.
, 
Kindle v. Wood County Elec. Co-op, Inc.
, 151 S.W.3d 206, 210 (Tex. App.—Tyler 2004, pet. denied).  In his response, the Assistant AG claimed that he derived his authority to represent Judge Burdock from Texas Government Code section 74.141, which reads as follows:

The attorney general shall defend a state district judge, a presiding judge of an administrative region, or an active, retired, or former judge
 
assigned under this chapter in any action or suit in any court in which the judge is a defendant because of his office as judge if the judge requests the attorney general’s assistance in the defense of the suit.

Tex. Gov’t Code Ann.
 § 74.141 (Vernon 2005). 

The essence of Caraway’s argument is that the phrase “because of his office as judge” is something that is in dispute.  In other words, Caraway argues that when Judge Burdock presided over Caraway’s criminal trial, he was not acting in “his office as judge” because he had been defeated for re-election.  Caraway further contends that the Assistant AG perpetrated a fraud on the trial court by claiming that Judge Burdock was entitled to the AG’s representation  because of his office as judge.  We disagree.  

It is undisputed that Judge Burdock was appointed to preside as judge over Carway’s criminal trial and, in fact, did so.  Caraway’s complaints in this appeal stem from Judge Burdock’s participation in those criminal proceedings.  Moreover, Caraway does not challenge 
whether
 Judge Burdock presided as judge but rather whether he had 
authority
 to do so.  Accordingly, we hold that Caraway’s claim involving Judge Burdock does arise out of his office as a judge and, thus, the Assistant AG had authority to represent Judge Burdock in this matter.  We overrule Caraway’s eighth issue.    

IV. Trial Court’s Ruling on Caraway’s Rule 202 Motion 

A. Standard of Review 

In his remaining nine issues, Caraway asserts that the trial court abused its discretion in various aspects of the Rule 202 proceedings.  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241–42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id
.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.  
In re Barber
, 982 S.W.2d 364, 365 (Tex. 1998) (orig. proceeding).  Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.  
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 211 (Tex. 2002).

B. Appearance by Telephone 

 
In his fifth issue, Caraway complains that the trial court abused its discretion by denying him the reasonable opportunity to appear by telephone at the August 12, 2005 hearing regarding his proposed stipulation of facts.  We agree with Caraway that litigants cannot be denied access to the courts simply because they are inmates.  
See
 
In re Z.L.T.
, 124 S.W.3d 163, 165 (Tex. 2003).  However, the trial court did not 
deny
 Caraway the opportunity to appear by telephone; instead it simply stated that Caraway “was responsible for making [his] own arrangements.”

Caraway objected by letter and stated that he would not be able to appear by telephone unless the court made the arrangements.  On appeal, Caraway argues that the court knew it was impossible for him to make his own arrangements and thus was required to set up the telephone appearance up for him.  Although Caraway had previously appeared by telephone in this matter it is unclear who made the arrangements.  The record is devoid of any evidence indicating that Caraway even attempted to make his own arrangements or that the trial court refused
 to let him appear. 

Caraway cites us to 
In re D.D.J.
, in which we held that the trial court abused its discretion by refusing to allow a pro se incarcerated father to appear by telephone in a hearing on motions to modify the parent-child relationship and to confirm child support arrearages.  136 S.W.3d 305, 314–15 (Tex. App.—Fort Worth 2004, no pet.).  In
 D.D.J.
, the trial court held a hearing in which the mother was allowed to testify even though neither the father nor an attorney representing him was present at the hearing.  
Id.
 at 309.  The trial court subsequently modified the parent-child relationship and confirmed child support arrearages in a manner adverse to the father.  
Id
. at 310.  We believe that the present case is distinguishable because in 
D.D.J.
, the trial court “made no accommodation for [the father] to participate effectively in the proceeding.”  
Id.
 at 314.  That is not what happened to Caraway.  The trial court did not refuse to allow Caraway to appear by telephone; it simply said that he had to make his own arrangements.  

Furthermore, Caraway has cited us to no authority, nor have we found any, stating that a court is 
required
 
to arrange
 a telephonic conference for an incarcerated litigant or that the entire responsibility for arranging a telephonic appearance falls solely on the trial court.  Hence, we hold that the trial court did not abuse its discretion because it did not deny Caraway the right to appear by telephone.  We overrule Caraway’s fifth issue.       

C. Stipulation of Facts

In his fourth issue, Caraway claims that the trial court abused its discretion by failing to grant his request to sti
pulate facts that were not in dispute pursuant to Tarrant County Local Rules of Court 3.01(a)–(b) and 3.05, as well as Texas Rule of Civil Procedure 166.  
Tarrant (Tex.) Loc. R.
 3.01(a), (b), 3.05; 
Tex. R. Civ. P.
 166. 

First, we fail to see the applicability of Tarrant County Local Rule 3.01(a)– (b) to Caraway’s complaint. 
Tarrant (Tex.) Loc. R.
 3.01(a)–(b).  Rule 3.01(a) deals with referring a case to alternative dispute resolution, and rule 3.01(b) states that pretrial hearings or orders are not required in every case but allows the trial court to set hearings under Texas Rule of Civil Procedure 166.  Moreover, Texas Rule of Civil Procedure 166 can in no way be read to demand the trial court to stipulate facts.  
Tex. R. Civ. P.
 166 (stating that the court may, in its discretion, direct the attorneys for the parties and the parties or their duly authorized agents to appear before it for a conference to consider the possibility of obtaining stipulations of fact).  

Second, as the trial court pointed out in its letter regarding Caraway’s request, stipulations require both parties to be in agreement.  The relevant portion of Tarrant County Local Rule 3.05 says that “[i]t is the responsibility of each 
attorney
 practicing before the Courts of Tarrant County, Texas, to stipulate to all facts which are not in dispute. . . .”  
Tarrant (Tex.) Loc. R.
 3.05 (emphasis supplied).  Therefore, the rule places responsibility on the attorneys, not the trial court, to stipulate undisputed facts.  
See id.
  Caraway claims that there is no dispute because Judge Burdock admitted at the June 8 hearing that he did not have any evidence to dispute Caraway’s allegations.  But the mere fact that Judge Burdock did not have evidence to dispute Caraway’s allegations does not mean that he agreed with them or that the trial court was required to stipulate to those alleged facts.  

As a result, we hold the trial court did not abuse its discretion by refusing to stipulate to Caraway’s alleged facts.  Accordingly, we overrule Caraway’s fourth issue.    

D. Judicial Notice
 

In his third issue, Caraway contends that the trial court abused its discretion by failing to take judicial notice of adjudicative facts that he presented with evidence.  The conclusion underlying each of Caraway’s alleged facts is that Judge Burdock was not constitutionally qualified to preside over Caraway’s criminal trial due to his failure to take the requisite oath and sign an anti-bribery affidavit.           

“A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.”  
Tex. R. Evid.
 201(b).  A court must take judicial notice if a party requests the court to do so and supplies the court with “the necessary information.”  
Tex. R. Evid.
 201(d).
 

Here the trial court did take notice of the following facts:

Judge Bill Burdock does not recall signing any oath or anti-bribery affidavit relative to Trial Cause CR-95-19072 [Caraway’s murder trial] except the Affidavit to Serve executed by him on December 15, 1994.

The 8th
 Administrative Judicial Region of Texas does not have on file any oath or anti-bribery affidavit signed by Judge Bill Burdock relative to Trial Cause CR-95-19072.  

The Secretary of State of the State of Texas does not have on file any oath or anti-bribery affidavit signed by Judge Bill Burdock relative to Trial Cause CR-95-19072.  

Judge Bill Burdock did not file with the 8th
 Administrative Judicial Region of Texas or the Secretary of State of Texas any oath or anti-bribery affidavit relative to Trial Cause CR-95-19072.

We note that whether Judge Burdock was constitutionally qualified to serve as a visiting judge is a legal conclusion and not a fact that could be judicially noticed.  Furthermore, the facts the trial court did take judicial notice of went directly to what Caraway was requesting the court take notice of.  Just because the judicially noticed facts were not worded exactly as Caraway had proposed does not rise to an abuse of discretion.  Because the trial court did take judicial notice of appropriate facts in accordance with Caraway’s request, we hold that the trial court did not abuse its discretion.  We overrule Caraway’s third issue.    

E. Findings of Fact and Conclusions of Law 

In his sixth and seventh issues, Caraway argues that the trial court abused its discretion by failing to make requested findings of fact and conclusions of law supporting its denial of Caraway’s request to take Judge Burdock’s deposition and its denial of his request to take judicial notice.  We disagree.  

Caraway argues that Texas Rule of Civil Procedure 296 required the trial court to file findings of fact and conclusions of law once he requested them.  However, rule 296 provides that in “any case 
tried
 in the district court or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law.”  
Tex. R. Civ. P.
 296 (emphasis supplied).  Caraway had simply filed a petition to investigate a potential claim.  He had not 
tried
 anything.  As a result, under the plain language of Rule 296, we hold that Caraway was not entitled to findings of fact and conclusions of law, and the trial court did not abuse its discretion by refusing to file the same.  We overrule Caraway’s sixth and seventh issues.  
 

F. Bill of Exception

In his ninth issue, Caraway complains that the trial court abused its discretion because it refused to allow Caraway to make a formal bill of exception after the trial court refused to take judicial notice and to sign Caraway’s proposed findings of fact.  

Caraway argues that the trial court failed to abide by Texas Rule of Appellate Procedure 33.2(c), which reads in pertinent part, 

(c) Procedure. 

(1) The complaining party must first present a formal bill of exception to the trial court.

(2) If the parties agree on the contents of the bill of exception, the judge must sign the bill and file it with the trial court clerk.  If the parties do not agree on the contents of the bill, the trial judge must—
after notice and hearing
—do one of the following things. . . .

Tex. R. App. P.
 33.2(c) (emphasis supplied).  Caraway relies on the italicized phrase to argue that the trial court failed to follow the proper procedure because there was no hearing regarding his bill of exception.  

Apparently, Caraway wanted to file a bill of exception in order to get his proposed findings of fact in the record.  Caraway filed his proposed findings with the trial court, and they are contained in the clerk’s record; thus, no bill of exception was necessary to get them into the record.  The purpose of a bill of exception is to allow a party to make a record for appellate review of matters that do not otherwise appear in the record, such as evidence that was excluded.  
Mack Trucks, Inc. v. Tamez
, 206 S.W.3d 572, 577 (Tex. 2006) (citing
 Tex. R. App. P.
 33.2; 
Tex. R. Evid.
 103(a)(2)).  Here, Caraway’s proposed findings were not excluded.  As a result, the trial court did not abuse its discretion by not allowing Caraway to make a bill of exception.  We overrule Caraway’s ninth issue. 

V. Trial Court’s Denial of Caraway’s Request to Take Judge Burdock’s Deposition and His Petition to Investigate a Claim

In his first two issues, Caraway asserts that the trial court abused its discretion by denying his request to take Judge Burdock’s deposition because the trial court’s order was supported by insufficient evidence.  In his final issue, Caraway challenges the trial court’s denial of his petition to investigate a claim because his underlying potential claim allegedly arose from a void judgment per se. 

Depositions before suit are governed under Texas Rule of Civil Procedure 202.  
Tex. R. Civ. P.
 202.  Rule 202 permits a person to petition the court for an order authorizing an oral or written deposition before suit is filed. 
 Tex. R. Civ. P.
 202.1.  The deposition may be taken to perpetuate testimony or to investigate a potential claim or suit. 
 
Id
.
 
 When a requested deposition is to investigate a potential claim, it may be ordered only if the trial court finds that the likely benefit outweighs the burden or expense of the procedure.  
Tex. R. Civ. P.
 202.4(a).

As discussed above, Caraway points us to several pieces of evidence that he claims establish that Judge Burdock was not qualified to preside as judge over his criminal trial.  Again, when the trial court denied Caraway’s motion for a new trial, the trial court took judicial notice of the following facts: 

1. Judge Bill Burdock, as of January 1, 2005, was a former district judge and was so at the time of his appointment to preside over the matter of Trial Cause CR-95-19072 styled State v. Caraway.

2. Judge Bill Burdock was a former district judge when he presided over the matter of Trial Cause CR-95-19072 styled State v. Caraway.  

[3.] Judge Bill Burdock does not recall signing any oath or anti-bribery affidavit relative to Trial Cause CR-95-19072 except the Affidavit to Serve executed by him on December 15, 1994. 

[4.] The 8th
 Administrative Judicial Region of Texas does not have on file any oath or anti-bribery affidavit signed by Judge Bill Burdock relative to cause number CR-95-19072.   

[5.] The Secretary of State of the State of Texas does not have on file any oath or anti-bribery affidavit signed by Judge Bill Burdock relative to Trial Cause CR-95-19072.  

[6.] Judge Bill Burdock did not file with the 8th
 Administrative Judicial Region of Texas or Secretary of State of the State of Texas any oath or anti-bribery affidavit relative to Trial Cause CR-95-19072.

Given that the trial court took notice of all these facts, we fail to see what additional information Caraway could glean from deposing Judge Burdock; thus, the benefit of such a procedure would be minimal.  In contrast, the burden of setting up and conducting such a deposition would be complicated due to Caraway’s being incarcerated.  That is not to say that no inmate could ever be granted a rule 202 deposition request, but under these facts, we hold that the trial court properly denied Caraway’s request to take Judge Burdock’s deposition.  Consequently, we overrule Caraway’s first two issues.

We read Caraway’s final issue as arguing that the trial court should have granted his rule 202 petition because his underlying claim—that Judge Burdock was not constitutionally qualified to sit as a visiting judge at his murder trial—has merit.  What was at issue below was whether the trial court should allow Caraway to depose Judge Burdock.  However, whether or not Caraway’s underlying claim has merit or not was not at issue below.  Caraway has cited us to no authority, nor have we found any, that holds that the merit of the underlying claim is to be considered in the court’s benefit/burden analysis when ruling on a rule 202 petition.  Therefore, we cannot say that the trial court abused its discretion by denying Caraway’s petition to investigate a claim.     

To the extent that Caraway wants us to evaluate and rule on the actual validity of his conviction, we are unable to so because that was not an issue in the proceedings below.  Therefore, we cannot determine that matter on appeal.  We overrule Caraway’s final issue.  
 
     

VI. Conclusion

Having disposed of Caraway’s ten issues, we affirm the trial court’s judgment.    

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

WALKER, J. concurs without opinion.

DELIVERED: June 28, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.