COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO.
2-05-359-CV

 

IN RE RANDAL FRANKLIN CARAWAY                                                     

 

                                              ------------

 

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

In ten issues, Appellant
Randal Franklin Caraway asserts that the trial court abused its discretion by
denying his request to take the presuit deposition of the Honorable William
Burdock.  We affirm.

II.  Factual and Procedural Background








This is the case of the
alleged absent oath.  Caraway is an
inmate currently confined in the Texas Department of Criminal JusticeCCorrectional Institutions Division. 
On March 17, 2005, Caraway petitioned the 153rd District Court of
Tarrant County for an order authorizing him to take a deposition to investigate
a claim.  See Tex. R. Civ. P. 202.1(b).  Caraway sought to depose Judge Burdock about
his assignment as a visiting former judge over Caraway=s criminal proceedings in the 91st District Court of Eastland County,
Texas.  

On October 2, 1994, police
arrested Caraway and subsequently charged him with murder.  That cause was filed and docketed with the
91st District Court of Eastland County, Texas. 
In November 1994, Judge Burdock was defeated in a run for re-election to
the 371st District Court of Tarrant County, Texas.  On November 29, 1995, the Presiding Judge of
the Eighth Administrative Judicial Region of Texas entered an order that
assigned Judge Burdock to preside as a special visiting former judge in Caraway=s murder case.  A jury convicted
Caraway of second-degree murder on March 22, 1996.  Judge Burdock presided over all proceedings
in the case, and he also signed the final judgment and sentence therein on
April 11, 1996.








In a letter dated January
2003, Caraway alleged that Judge Burdock failed to execute the mandatory oath
of a special visiting judge for the period of January 1995 through December
1997 as required by article XVI, section 1 of the Texas Constitution.  Thereafter, Caraway began a search for any
executed oaths by Judge Burdock that would have given him constitutional authority
to act as a special visiting judge in his murder trial and allegedly repeatedly
came up with no evidence of any constitutional oath of office executed by Judge
Burdock prior to said trial of his cause. 

On April 28, 2005, Caraway
filed APETITIONER CARAWAY=S REQUEST FOR COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS IN
SUPPORT OF VERIFIED PETITION TO TAKE DEPOSITION TO INVESTIGATE POTENTIAL CLAIM.@  On April 29, 2005, Caraway
filed a request for the trial court to enter stipulations and admissions that
will aid in disposition of the investigation. 
On June 10, 2005, the trial court submitted a proposed draft of eight
stipulations of fact.  On June 21, 2005,
Caraway responded by submitting his proposed draft of fourteen stipulations of
fact.  After receiving no response,
Caraway filed a final draft of AFINDINGS OF PETITIONER CARAWAY=S REQUEST FOR STIPULATIONS OF FACTS.@








After hearing Caraway=s petition to investigate potential claims, Judge Curry denied Caraway=s request to take Judge Burdock=s deposition on September 14, 2005. 
Caraway then requested findings of fact and conclusions of law, which
Judge Curry refused to enter.  On
November 9, 2005, Judge Curry entered an order denying Caraway=s motion for new trial. 
However, the trial court took judicial notice of certain facts
establishing that Judge Burdock had failed to Afile@ any oath of
office as a special visiting judge relative to the trial cause. 

III. Texas Attorney General=s Authority to Represent a Visiting Judge

In his eighth issue, Caraway
complains that the Texas Attorney General (AAG@) committed
fraud on the trial court by improperly influencing that court in its decision
on Caraway=s motion
challenging the AG=s authority
to represent Judge Burdock.  We disagree.

In his brief, Caraway
acknowledges that he was notified by letter that the AG would be representing
Judge Burdock in this matter.  Caraway
claims that he then filed a motion to show authority to act pursuant to Texas
Rule of Civil Procedure 12.  See Tex. R. Civ. P. 12.  The trial court ordered a response to the
motion, to which the Assistant AG filed a response.  The trial court subsequently denied Caraway=s motion.  

Rule 12 is the means by which
a party must challenge the authority of an attorney to represent another
party.  See, e.g., Kindle v.
Wood County Elec. Co-op, Inc., 151 S.W.3d 206, 210 (Tex. App.CTyler 2004, pet. denied).  In
his response, the Assistant AG claimed that he derived his authority to
represent Judge Burdock from Texas Government Code section 74.141, which reads
as follows:








The
attorney general shall defend a state district judge, a presiding judge of an
administrative region, or an active, retired, or former judge assigned
under this chapter in any action or suit in any court in which the judge is a
defendant because of his office as judge if the judge requests the attorney
general=s
assistance in the defense of the suit.

 

Tex. Gov=t Code Ann. ' 74.141 (Vernon 2005). 

The essence of Caraway=s argument is that the phrase Abecause of his office as judge@ is something that is in dispute. 
In other words, Caraway argues that when Judge Burdock presided over
Caraway=s criminal trial, he was not acting in Ahis office as judge@ because he had been defeated for re-election.  Caraway further contends that the Assistant
AG perpetrated a fraud on the trial court by claiming that Judge Burdock was
entitled to the AG=s
representation  because of his office as
judge.  We disagree.  

It is undisputed that Judge
Burdock was appointed to preside as judge over Carway=s criminal trial and, in fact, did so. 
Caraway=s complaints
in this appeal stem from Judge Burdock=s participation in those criminal proceedings.  Moreover, Caraway does not challenge whether
Judge Burdock presided as judge but rather whether he had authority to
do so.  Accordingly, we hold that Caraway=s claim involving Judge Burdock does arise out of his office as a
judge and, thus, the Assistant AG had authority to represent Judge Burdock in
this matter.  We overrule Caraway=s eighth issue.    








IV. Trial Court=s Ruling on Caraway=s Rule 202 Motion 

A. Standard of Review 

In his remaining nine issues,
Caraway asserts that the trial court abused its discretion in various aspects
of the Rule 202 proceedings.  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id.

An abuse of discretion does
not occur where the trial court bases its decisions on conflicting
evidence.  In re Barber, 982
S.W.2d 364, 365 (Tex. 1998) (orig. proceeding). 
Furthermore, an abuse of discretion does not occur as long as some
evidence of substantive and probative character exists to support the trial
court=s decision.  Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).

 

 








B. Appearance by Telephone 

 In his fifth
issue, Caraway complains that the trial court abused its discretion by denying
him the reasonable opportunity to appear by telephone at the August 12, 2005
hearing regarding his proposed stipulation of facts.  We agree with Caraway that litigants cannot
be denied access to the courts simply because they are inmates.  See In re Z.L.T., 124 S.W.3d
163, 165 (Tex. 2003).  However, the trial
court did not deny Caraway the opportunity to appear by telephone;
instead it simply stated that Caraway Awas responsible for making [his] own arrangements.@

Caraway objected by letter
and stated that he would not be able to appear by telephone unless the court
made the arrangements.  On appeal,
Caraway argues that the court knew it was impossible for him to make his own arrangements
and thus was required to set up the telephone appearance up for him.  Although Caraway had previously appeared by
telephone in this matter it is unclear who made the arrangements.  The record is devoid of any evidence
indicating that Caraway even attempted to make his own arrangements or that the
trial court refused to let him appear. 








Caraway cites us to In re
D.D.J., in which we held that the trial court abused its discretion by
refusing to allow a pro se incarcerated father to appear by telephone in a
hearing on motions to modify the parent‑child relationship and to confirm
child support arrearages.  136 S.W.3d
305, 314B15 (Tex. App.CFort Worth
2004, no pet.).  In D.D.J., the
trial court held a hearing in which the mother was allowed to testify even
though neither the father nor an attorney representing him was present at the
hearing.  Id. at 309.  The trial court subsequently modified the
parent-child relationship and confirmed child support arrearages in a manner
adverse to the father.  Id. at
310.  We believe that the present case is
distinguishable because in D.D.J., the trial court Amade no accommodation for [the father] to participate effectively in
the proceeding.@  Id. at 314.  That is not what happened to Caraway.  The trial court did not refuse to allow
Caraway to appear by telephone; it simply said that he had to make his own
arrangements.  

Furthermore, Caraway has
cited us to no authority, nor have we found any, stating that a court is required
to arrange a telephonic conference for an incarcerated litigant or that
the entire responsibility for arranging a telephonic appearance falls solely on
the trial court.  Hence, we hold that the
trial court did not abuse its discretion because it did not deny Caraway the
right to appear by telephone.  We
overrule Caraway=s fifth
issue.       

C. Stipulation of Facts








In his fourth issue, Caraway
claims that the trial court abused its discretion by failing to grant his
request to stipulate facts that were not in dispute pursuant to Tarrant County
Local Rules of Court 3.01(a)B(b) and 3.05, as well as Texas Rule of Civil Procedure 166.  Tarrant
(Tex.) Loc. R. 3.01(a), (b), 3.05; Tex.
R. Civ. P. 166. 

First, we fail to see the
applicability of Tarrant County Local Rule 3.01(a)B (b) to Caraway=s complaint.
Tarrant (Tex.) Loc. R. 3.01(a)B(b).  Rule 3.01(a) deals with
referring a case to alternative dispute resolution, and rule 3.01(b) states
that pretrial hearings or orders are not required in every case but allows the
trial court to set hearings under Texas Rule of Civil Procedure 166.  Moreover, Texas Rule of Civil Procedure 166
can in no way be read to demand the trial court to stipulate facts.  Tex.
R. Civ. P. 166 (stating that the court may, in its discretion, direct
the attorneys for the parties and the parties or their duly authorized agents
to appear before it for a conference to consider the possibility of obtaining
stipulations of fact).  








Second, as the trial court
pointed out in its letter regarding Caraway=s request, stipulations require both parties to be in agreement.  The relevant portion of Tarrant County Local
Rule 3.05 says that A[i]t is the
responsibility of each attorney practicing before the Courts of Tarrant
County, Texas, to stipulate to all facts which are not in dispute. . . .@  Tarrant (Tex.) Loc. R. 3.05 (emphasis supplied).  Therefore, the rule places responsibility on
the attorneys, not the trial court, to stipulate undisputed facts.  See id.  Caraway claims that there is no dispute
because Judge Burdock admitted at the June 8 hearing that he did not have any
evidence to dispute Caraway=s allegations.  But the mere
fact that Judge Burdock did not have evidence to dispute Caraway=s allegations does not mean that he agreed with them or that the trial
court was required to stipulate to those alleged facts.  

As a result, we hold the
trial court did not abuse its discretion by refusing to stipulate to Caraway=s alleged facts.  Accordingly, we
overrule Caraway=s fourth
issue.    

D. Judicial Notice 

In his third issue, Caraway
contends that the trial court abused its discretion by failing to take judicial
notice of adjudicative facts that he presented with evidence.  The conclusion underlying each of Caraway=s alleged facts is that Judge Burdock was not constitutionally
qualified to preside over Caraway=s criminal trial due to his failure to take the requisite oath and
sign an anti-bribery affidavit.          









AA judicially
noticed fact must be one not subject to reasonable dispute in that it is either
(1) generally known within the territorial jurisdiction of the trial court or
(2) capable of accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned.@  Tex. R. Evid. 201(b). 
A court must take judicial notice if a party requests the court to do so
and supplies the court with Athe necessary information.@  Tex. R. Evid. 201(d). 

Here the trial court did take
notice of the following facts:

Judge
Bill Burdock does not recall signing any oath or anti-bribery affidavit
relative to Trial Cause CR-95-19072 [Caraway=s murder trial] except the
Affidavit to Serve executed by him on December 15, 1994.

 

The
8th Administrative Judicial Region of Texas does not have on file any oath or
anti-bribery affidavit signed by Judge Bill Burdock relative to Trial Cause
CR-95-19072.  

 

The
Secretary of State of the State of Texas does not have on file any oath or
anti-bribery affidavit signed by Judge Bill Burdock relative to Trial Cause
CR-95-19072.  

 

Judge
Bill Burdock did not file with the 8th Administrative Judicial Region of Texas
or the Secretary of State of Texas any oath or anti-bribery affidavit relative
to Trial Cause CR-95-19072.

 








We note that whether Judge
Burdock was constitutionally qualified to serve as a visiting judge is a legal
conclusion and not a fact that could be judicially noticed.  Furthermore, the facts the trial court did
take judicial notice of went directly to what Caraway was requesting the court
take notice of.  Just because the
judicially noticed facts were not worded exactly as Caraway had proposed does
not rise to an abuse of discretion. 
Because the trial court did take judicial notice of appropriate facts in
accordance with Caraway=s request,
we hold that the trial court did not abuse its discretion.  We overrule Caraway=s third issue.    

E. Findings of Fact and
Conclusions of Law 

In his sixth and seventh
issues, Caraway argues that the trial court abused its discretion by failing to
make requested findings of fact and conclusions of law supporting its denial of
Caraway=s request to take Judge Burdock=s deposition and its denial of his request to take judicial
notice.  We disagree.  

Caraway argues that Texas
Rule of Civil Procedure 296 required the trial court to file findings of fact
and conclusions of law once he requested them. 
However, rule 296 provides that in Aany case tried in the district court or county court without a
jury, any party may request the court to state in writing its findings of fact
and conclusions of law.@  Tex.
R. Civ. P. 296 (emphasis supplied). 
Caraway had simply filed a petition to investigate a potential
claim.  He had not tried
anything.  As a result, under the plain
language of Rule 296, we hold that Caraway was not entitled to findings of fact
and conclusions of law, and the trial court did not abuse its discretion by
refusing to file the same.  We overrule
Caraway=s sixth and seventh issues.   

 

 








F. Bill of Exception

In his ninth issue, Caraway
complains that the trial court abused its discretion because it refused to
allow Caraway to make a formal bill of exception after the trial court refused
to take judicial notice and to sign Caraway=s proposed findings of fact.  

Caraway argues that the trial court failed to abide by Texas Rule of
Appellate Procedure 33.2(c), which reads in pertinent part, 

 

(c)
Procedure. 

(1)
The complaining party must first present a formal bill of exception to the
trial court.

(2)
If the parties agree on the contents of the bill of exception, the judge must
sign the bill and file it with the trial court clerk.  If the parties do not agree on the contents
of the bill, the trial judge mustCafter notice and hearingCdo
one of the following things. . . .

 

Tex. R. App. P. 33.2(c) (emphasis supplied). 
Caraway relies on the italicized phrase to argue that the trial court
failed to follow the proper procedure because there was no hearing regarding
his bill of exception.  








Apparently, Caraway wanted to
file a bill of exception in order to get his proposed findings of fact in the
record.  Caraway filed his proposed
findings with the trial court, and they are contained in the clerk=s record; thus, no bill of exception was necessary to get them into the
record.  The purpose of a bill of
exception is to allow a party to make a record for appellate review of matters
that do not otherwise appear in the record, such as evidence that was excluded.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 577 (Tex. 2006) (citing Tex. R.
App. P. 33.2; Tex. R. Evid.
103(a)(2)).  Here, Caraway=s proposed findings were not excluded. 
As a result, the trial court did not abuse its discretion by not
allowing Caraway to make a bill of exception. 
We overrule Caraway=s ninth issue. 

V.
Trial Court=s
Denial of Caraway=s
Request to Take Judge Burdock=s Deposition and His Petition
to Investigate a Claim

 

In his first two issues,
Caraway asserts that the trial court abused its discretion by denying his
request to take Judge Burdock=s deposition because the trial court=s order was supported by insufficient evidence.  In his final issue, Caraway challenges the
trial court=s denial of
his petition to investigate a claim because his underlying potential claim
allegedly arose from a void judgment per se. 








Depositions before suit are
governed under Texas Rule of Civil Procedure 202.  Tex.
R. Civ. P. 202.  Rule 202 permits
a person to petition the court for an order authorizing an oral or written
deposition before suit is filed.  Tex. R. Civ. P. 202.1.  The deposition may be taken to perpetuate
testimony or to investigate a potential claim or suit.  Id.  When a requested deposition is to investigate
a potential claim, it may be ordered only if the trial court finds that the
likely benefit outweighs the burden or expense of the procedure.  Tex.
R. Civ. P. 202.4(a).

As discussed above, Caraway
points us to several pieces of evidence that he claims establish that Judge
Burdock was not qualified to preside as judge over his criminal trial.  Again, when the trial court denied Caraway=s motion for a new trial, the trial court took judicial notice of the
following facts: 

1.     Judge Bill Burdock, as of January 1, 2005, was a former district
judge and was so at the time of his appointment to preside over the matter of
Trial Cause CR-95-19072 styled State v. Caraway.

 

2.     Judge Bill Burdock was a former district judge when he presided
over the matter of Trial Cause CR-95-19072 styled State v. Caraway.  

 

[3.]   Judge Bill Burdock does not recall signing any oath or
anti-bribery affidavit relative to Trial Cause CR-95-19072 except the Affidavit
to Serve executed by him on December 15, 1994.      

 

[4.]   The 8th Administrative Judicial Region of Texas does not have on
file any oath or anti-bribery affidavit signed by Judge Bill Burdock relative
to cause number CR-95-19072.   

 

[5.]   The Secretary of State of the State of Texas does not have on file
any oath or anti-bribery affidavit signed by Judge Bill Burdock relative to
Trial Cause CR-95-19072.  

 

[6.]   Judge Bill Burdock did not file with the 8th Administrative
Judicial Region of Texas or Secretary of State of the State of Texas any oath
or anti-bribery affidavit relative to Trial Cause CR-95-19072.

 








Given that the trial court
took notice of all these facts, we fail to see what additional information
Caraway could glean from deposing Judge Burdock; thus, the benefit of such a
procedure would be minimal.  In contrast,
the burden of setting up and conducting such a deposition would be complicated
due to Caraway=s being
incarcerated.  That is not to say that no
inmate could ever be granted a rule 202 deposition request, but under these
facts, we hold that the trial court properly denied Caraway=s request to take Judge Burdock=s deposition.  Consequently, we
overrule Caraway=s first two
issues.

We read Caraway=s final issue as arguing that the trial court should have granted his
rule 202 petition because his underlying claimCthat Judge Burdock was not constitutionally qualified to sit as a
visiting judge at his murder trialChas merit.  What was at issue
below was whether the trial court should allow Caraway to depose Judge
Burdock.  However, whether or not Caraway=s underlying claim has merit or not was not at issue below.  Caraway has cited us to no authority, nor
have we found any, that holds that the merit of the underlying claim is to be
considered in the court=s
benefit/burden analysis when ruling on a rule 202 petition.  Therefore, we cannot say that the trial court
abused its discretion by denying Caraway=s petition to investigate a claim.    









To the extent that Caraway
wants us to evaluate and rule on the actual validity of his conviction, we are
unable to so because that was not an issue in the proceedings below.  Therefore, we cannot determine that matter on
appeal.  We overrule Caraway=s final issue.        

VI. Conclusion

Having disposed of Caraway=s ten issues, we affirm the trial court=s judgment.    

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; WALKER and MCCOY, JJ.

 

WALKER,
J. concurs without opinion.

 

DELIVERED:
June 28, 2007











[1]See Tex.
R. App. P. 47.4.