

# NUMBER 13-22-00030-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTOPHER SHAUN PRATT,                                      Appellant,

v.

THE STATE OF TEXAS FOR
THE PROTECTION OF
TAHANA PRATT-LOPEZ,                                           Appellee.

### On appeal from the 274th District Court
### of Comal County, Texas.

# CONCURRING MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Concurring Memorandum Opinion by Justice Silva**

The majority correctly notes that appellant's stated issue—although asserted as a matter of standing—does not challenge Tahana's standing to bring the suit, but instead challenges the local district attorney's authority to represent her. *See Austin Nursing Ctr.,*

*Inc. v. Lovato*, 171 S.W.3d 845, 848–49 (Tex. 2005) (discussing standing); *see also* TEX. R. CIV. P. 12 (Attorney to Show Authority). However, because I would conclude that appellant waived this issue, I write separately to concur with the majority.

A challenge to the prosecuting attorney's authority to act on a party's behalf must be made by sworn motion before the parties announce ready for trial in accordance with Texas Rule of Civil Procedure 12. *See* TEX. R. CIV. P. 12; *Kindle v. Wood Cnty. Elec. Co-op, Inc.*, 151 S.W.3d 206, 210 (Tex. App.—Tyler 2004, pet. denied) ("Rule 12 is the exclusive method for questioning the authority of an attorney to represent a party in any court proceeding.") Failing to follow Rule 12 results in waiver. *Kindle*, 151 S.W.3d at 210 (overruling an appellant's challenge to an attorney's authority because no such challenge was brought during trial phase).

Alternatively, appellant may be arguing that the prosecuting attorney stepped into Tahana's shoes when it filed the suit, rather than as the attorney representing her. However, such an argument would implicate capacity to sue, not standing. *See Lovato*, 171 S.W.3d at 848 & n.1 (discussing the distinctions between capacity and standing). A challenge to capacity must also be raised by a verified pleading and may be waived by failing to properly raise the issue. *See* TEX. R. CIV. P. 93(1); *Lovato*, 171 S.W.3d at 849; *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003) ("An argument that an opposing party does not have the capacity to participate in a suit can be waived by a party's failure to properly raise the issue in the trial court.").

Regardless of whether appellant's argument is properly classified as one of authority or capacity, appellant was required to present his challenge through a verified

2

pleading or motion, neither of which was done. *See* TEX. R. CIV. P. 12; *id.* R. 93(1). Here, because appellant's challenge was not raised until after the judgment was signed, the issue has not been preserved for appellate review. *See id.* R. 12; *Sibley*, 111 S.W.3d at 56; *Kindle*, 151 S.W.3d at 210.

Accordingly, I would not indulge appellant's challenge to the trial court's subject matter jurisdiction vis-à-vis Tahana's standing but would instead conclude that the issue, as correctly identified, was waived. I agree with the remainder of the majority's analysis and conclusion.

CLARISSA SILVA
Justice

Delivered and filed on the
27th day of April, 2023.

3